UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TWENTIETH CENTURY FOX FILM CORPORATION<br><br>*Plaintiff,*<br><br>v.<br><br>JMC POP UPS LLC, JOSEPH MCCULLOUGH, AND SAMANTHA SHUTTER,<br><br>*Defendants.* | CIVIL ACTION NO. 24-CV-03021-PD |

## [Proposed] FINAL ORDER AND JUDGMENT

On this _____ day of _____ 2025, upon consideration of Plaintiff's Motion for Default Judgment ("Motion") and any opposition thereto, it is hereby ORDERED that said Motion is GRANTED in favor of Plaintiff Twentieth Century Fox Film Corporation ("Plaintiff") and against Defendants JMC Pop Ups LLC, Joseph McCullough, and Samantha Shutter (collectively, "Defendants").

It is further ORDERED THAT:

As a result of Defendants' failure to respond to the instant action and the subsequent entry of default by the Court, Defendants are deemed to have admitted that Plaintiff is the owner of the copyrighted works related to *The Simpsons* and *Bob's Burgers* as identified by the copyright registrations set forth in Exhibits 1-A

and 1-B, as attached to the Complaint (Doc. No. 1) and this Order (collectively, "Plaintiff's Copyrights"). Plaintiff is also the owner of the trademarks utilized in conjunction with *The Simpsons* and *Bob's Burgers* identified by the federal trademark registrations set forth in Exhibits 2-A and 2-B, as attached to the Complaint and this Order (collectively, "Plaintiff's Trademarks"). Plaintiff's Copyrights and Plaintiff's Trademarks will collectively be referred to as "Plaintiff's Properties."

    A.    Defendants, including their officers, agents, servants, employees, attorneys, and all those in active concert or participation with them, be and hereby are PERMANENTLY ENJOINED from:

        1.    Providing, marketing, offering for sale, selling, and distributing services, not authorized by Plaintiff, which copy, reproduce, or utilize Plaintiff's Properties, including, but not limited to event services and temporary or 'pop-up' restaurant or bar services ("Infringing Services");

        2.    Manufacturing, marketing, offering for sale, selling, and distributing merchandise, not authorized by Plaintiff, which copy, reproduce, or utilize Plaintiff's Properties, including, but not limited to apparel, bags, hats, pins, keychains, insulated beer coolers, and other novelty items ("Infringing

Goods");

3. Using Plaintiff's Properties in any unauthorized manner, including, but not limited to use in conjunction with the Infringuating Services and/or Infringing Goods;

4. Committing any act(s), such as making false statement(s) or representation(s), suggesting or otherwise causing consumers to believe that Defendants, the Infringing Services, and/or the Infringing Goods are provided or offered under the control or supervision of Plaintiff, in any way affiliated with Plaintiff, or otherwise sponsored or approved by Plaintiff;

5. Engaging in any activity constituting unfair competition or infringement of Plaintiff's Properties, or further harming Plaintiff's name and reputation, or otherwise damaging the goodwill associated with the same;

6. Aiding, abetting, or otherwise contributing to the unauthorized use of Plaintiff's Properties; and

7. Effectuating assignments or transfers, forming new entities or associations, or using related procedures for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Section A, Paragraphs 1-6 above.

B. Defendants are directed to immediately cease advertising, marketing, promoting, offering for sale, and/or selling goods or services in conjunction with unauthorized reproductions of Plaintiff's Properties, including, but not limited to Defendants' restaurant and bar events identified in the instant action as "Moe's Pop-Up" and "Bob's Burgers Pop-Up."

C. Defendants are directed to immediately terminate and permanently delete all user accounts and online content associated with such accounts, that have been related in any way to the Infringing Services, Infringing Goods, or utilizing Plaintiff's Properties in an unauthorized manner. Such user accounts and online content, include without limitation, the following platforms:

    1. Commercial websites owned or otherwise operated by Defendants;

    2. Social media pages, groups, or accounts registered to, operated by, or otherwise associated with Defendants; and

    3. Third-party sales or marketing websites offering seller/vendor storefronts or marketplace services.

D. Defendants are directed to immediately cease use of, and cancel the domain registrations for moespopup.com, moesboardwalk.com,

4

moestavernpopup.com, and seymoursbaypopup.com (collectively, the "Infringing Domains"), pursuant to 15 U.S.C. § 1125 and in accordance with the following terms:

1. Disable, or maintain any already disabled, public access to the Infringing Domains;

2. Initiate cancellation of the registrations for the Infringing Domains with the applicable domain registrar, associate registrar, and/or privacy service provider necessary to effectuate such cancellation; and

3. Execute all documentation required by the applicable domain registrar, associate registrar, and/or privacy service provider necessary to cancel the Infringing Domains.

E. Defendants are directed to deliver to Plaintiff's counsel for destruction, within twenty (20) days of entry of this Order, any and all of the following items or materials in Defendants' possession or under their control:

1. Items utilized in the creation and provision of the Infringing Services and related 'pop-up' events, including, but not limited to exterior facades, sets, props, set dressings, decorations, signage, costumes, and three-dimensional

5

        reproductions;

2. Counterfeit or infringing merchandise bearing any of Plaintiff's Properties or a simulation, reproduction, counterfeit, copy, or colorable imitation thereof;

3. Advertising or marketing materials which utilize Plaintiff's Properties in conjunction with the Infringing Services and/or Infringing Goods; and

4. Devices, software, or instructional materials used in the manufacture or production of any items included in Section E, Paragraphs 1-3 above, which reproduce or utilize the Plaintiff's Properties.

F. Defendants are directed to report to this Court within thirty (30) days after a Permanent Injunction is entered to show compliance with Sections A-E above.

G. Direct such other relief as the Court may deem appropriate to prevent the trade and consuming public from exposure to the harmful misrepresentation that Plaintiff has authorized, or is in any way related to, Defendants' unauthorized commercial activities.

It is further ORDERED THAT:

A. Judgment is entered in favor of Plaintiff and against Defendants, jointly

and severally, in the amount of $30,000 for each of the thirty-three (33) separate and willful violations of Plaintiff's Copyrights, totaling an award of $990,000 in statutory damages pursuant to 17 U.S.C. § 504(c);

B.  Judgment is entered in the favor of Plaintiff and against Defendants, resulting from Defendants' counterfeit use of the "KRUSTY BURGER" word mark in conjunction with hamburgers and restaurant services, as well as counterfeit use of the "DUFF" word mark in conjunction with the sale of beer, in the amount of $100,000 for each of the three (3) violations of Plaintiff's Trademarks, totaling an award of $300,000 in statutory damages pursuant to 15 U.S.C. § 1117(c); and

C.  Judgment is entered in favor of Plaintiff and against Defendants, jointly and severally, resulting from Defendants' unauthorized bad faith adoption and use of the "MOE'S TAVERN" mark in three (3) separate domain names, in the amount of $5,000 for each of the three (3) violations, totaling an award of $15,000 pursuant to 15 U.S.C. §§ 1117(d) and 1125(d)(1).

D.  Defendants are also ordered to pay Plaintiff's costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505 and 15 U.S.C. § 1117(b), as Plaintiff is the prevailing party on its copyright infringement claims and Defendants intentionally sold counterfeit

goods and services.

E. The Court retains jurisdiction of this action for the purpose of enabling Plaintiff to apply to the Court at any time for such further Order(s), interpretation or execution of any Order(s) entered in this action, as well as the modification of any such Order(s), and the enforcement or compliance of the same.

F. The Clerk is hereby ordered to enter total judgment in favor of Plaintiff and against Defendants, jointly and severally, in the total amount of $1,305,000, upon which execution may issue.

BY THE COURT:

_____
The Hon. Paul S. Diamond, U.S.D.J.
