UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TWENTIETH CENTURY FOX FILM CORPORATION<br><br>*Plaintiff,*<br><br>v.<br><br>JMC POP UPS LLC, JOSEPH MCCULLOUGH, AND SAMANTHA SHUTTER,<br><br>*Defendants.* | CIVIL ACTION NO. 24-CV-03021-PD |

### DECLARATION OF ANNE L. COYLE IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

I, Anne L. Coyle, declare as follows:

1. I am Assistant General Counsel, Antipiracy for The Walt Disney Company ("TWDC"). I have been employed by TWDC for over eight (8) years. I have personal knowledge of the facts stated in this Declaration and if called upon by a court of law to do so, I could and would competently testify thereto.

2. Twentieth Century Fox Film Corporation ("Plaintiff") is a wholly owned subsidiary of TWDC or its affiliates.

3. I submit this Declaration in support of Plaintiff's Motion & Memorandum seeking to: (a) enter Judgment by Default against Defendants JMC Pop Ups LLC ("Defendant JPL"), Joseph McCullough ("Defendant McCullough"),

and Samantha Shutter ("Defendant Shutter") (collectively, "Defendants"); (b) permanently enjoin Defendants from further infringing upon the copyrighted works and trademarks associated with Plaintiff's *The Simpsons* and *Bob's Burgers* television programs; (c) award statutory damages against Defendants and in favor of Plaintiff; and (d) award Plaintiff its reasonable attorneys' fees and costs.

4.  As evidenced in the Complaint (Doc. No. 1), Plaintiff is the owner of all rights in and to the names, characters, likenesses, logos, and related indicia of *The Simpsons*, including, but not limited to the Simpson family (Bart, Homer, Marge, Lisa, and Maggie), its legion of secondary characters (Principal Skinner, Chief Wiggum, Krusty the Clown, Ned Flanders, Montgomery Burns, Milhouse Van Houten, Apu Nahasapeemapetilon, Sideshow Bob, and Spider-pig), as well as its fictional locations and sets (e.g. Moe's Tavern, the fictional town of Springfield, Springfield Nuclear Power Plant, Springfield Elementary School, Kwik-E-Mart, Lard Lad Donuts, and Krusty Burger) (collectively, "The Simpsons Properties"), and all associated copyrights, trademarks, and indicia of origin.

5.  Similarly, Plaintiff is also the owner of all rights in and to the names, characters, likenesses, logos, related indicia, and all associated copyrights and trademarks to its *Bob's Burgers* animated television show (collectively, "Bob's Burgers Properties").

6. Representative samples of Plaintiff's copyright and trademark registrations as related to The Simpsons Properties and Bob's Burgers Properties can be found in Exhibits 1 and 2 to the Complaint. The Simpsons Properties and Bob's Burgers Properties will collectively be referred to as "Plaintiff's Properties."

7. Plaintiff and its affiliated entities engage in commercial activity involving the production, broadcast, and distribution of *The Simpsons* animated television program and *The Simpsons Movie*. Plaintiff and its affiliated entities also engage in merchandising and licensing of the characters and elements associated with *The Simpsons* television program and *The Simpsons Movie*, with such commercial activities spanning a variety of goods and services (e.g. apparel, bags, accessories, novelty items, etc.). Correspondingly, as early as 2013, Plaintiff authorized and licensed Moe's Tavern restaurant and bar locations at Universal Studios theme parks in Florida and California.

8. Similarly, Plaintiff and its affiliated entities also engage in the production, broadcast, and distribution of the *Bob's Burgers* animated television program, as well as merchandising and licensing of the characters and elements associated with *Bob's Burgers*.

9. In January of 2024, I became aware of Defendants' traveling Moe's Pop-Up operations, specifically the event scheduled for January 19, 2024, in Akron, Ohio. Defendants' Moe's Pop-Up consists of an unauthorized reproduction of the

3

Moe's Tavern character from *The Simpsons*, in the form of a temporary bar and restaurant location, along with the copying of numerous other *The Simpsons* protected copyrighted characters and related trademarks (the "Infringing Services"). Defendants also sold unauthorized merchandise which reproduced Plaintiff's Properties in conjunction with apparel, bags, hats, pins, keychains, insulated beer coolers, and related Moe's Tavern memorabilia (the "Infringing Goods"). The Infringing Goods were sold directly on-site at the Moe's Pop-Up events as well as through Defendants' commercial websites, social media, and vendor accounts on third-party sales platforms.

    10.    In January and February of 2024, I communicated with Defendants, putting them on actual notice that their Moe's Pop-Ups violate Plaintiff's Properties, and subsequently:

        a.    Defendants agreed to cease further operations of Moe's Pop-Up events and use of Plaintiff's Properties, specifically cancelling and issuing refunds for the upcoming Moe's Pop-Ups;

        b.    Defendants received - but did not execute - the written terms of settlement that had been agreed upon;

        c.    Defendants retained Attorney John Simmons of Panitch Schwarze Belisario & Nadel LLP ("Atty. Simmons");

      d.      Atty. Simmons contacted Plaintiff, requesting a license for Defendants' upcoming Moe's Pop-Up events; and

      e.      I denied Defendants' request for a license, reiterated that Defendants' use of Plaintiff's Properties is unauthorized, and demanded Defendants immediately cancel and issue full refunds for all Moe's Pop-Up events.

11.    I conveyed the above information to Plaintiff's outside counsel and requested they resolve the matter with Defendants.

12.    I did not hear any further from Defendants or Atty. Simmons.

I declare, pursuant to 28 U.S.C. § 1746 and under penalty of perjury, that the foregoing is true and correct.

Executed in Burbank, California this 26th day of March 2025.

                                                       */s/ Anne L. Coyle*
                                                      Anne L. Coyle